# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02279-RPM-CBS

DAVID M. SHIRE,

    Plaintiff,

v.

CSK AUTO, INC., d/b/a Checker Auto Parts, Inc.,
an Arizona corporation; and
ALLTRADE TOOLS, LLC.,
a California limited liability company,

    Defendant.

---

## PROTECTIVE ORDER

---

The parties agree certain information to be produced in this case may be confidential, proprietary, and/or protected by the right of privacy that should be kept confidential through the course of this action and thereafter and not be used for any other purpose other than this litigation.

Pursuant to FED. R. Civ. P. 26(c), the parties agree the following protective provisions governing certain documents and/or other information as specified in paragraph 3, below, and designated as confidential, proprietary, and/or private be imposed upon all designated discovery and litigation proceedings in this action, whether such discovery and litigation proceedings be directed at a party to the litigation or another person or entity. The Court hereby Orders as follows:

1.      This Protective Order governs the use of all produced documents, responses to interrogatories, requests for admissions, deposition transcripts, and any other information, documents, objects or things which have been or will be produced or received by any party or non-party during pretrial and trial proceedings in this action, pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, digests, summaries and by-products thereof.

2.      Pursuant to FED. R. CIV. P. 26(c)(7), if, during the course of this litigation, any party or non-party undertakes to produce or is caused to disclose what they in good faith believe embodies Confidential Information, the procedures set forth below shall be employed and the disclosure thereof shall be subject to this Order. The parties shall maintain and periodically update a "Confidentiality Log" which shall consist of a list of all documents, tangible objects, or other material designated as Confidential Information in the course of this litigation, such Confidential Information to be identified in the Confidentiality Log by the Bates numbers assigned to that material for purposes of this litigation, or by interrogatory, request for production, or request for admission number. A party will provide a copy of the Confidentiality Log to the other party upon request and reasonable notice.

3.      For purposes of this Order, the term "Confidential Information" shall mean any information, or the contents of any document (including copies, transcripts, videos, and computer stored information), (a) which the designating party contends and in good faith believes is a trade secret or other confidential or proprietary research, development, trading, customer or commercial information, financial information, or information subject to a legally protected right of privacy under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and (b) which counsel for the designating party designates as "CONFIDENTIAL" upon a good faith belief that there is good cause under applicable law for such a designation, or, at the same time the Confidential Information being disclosed identifies the Confidential Information by specific

Bates range, interrogatory, request for production or request for admission number. These documents may

include, but are not limited to; documents containing proprietary information such as trade secrets, manuals, contracts, special formulas, company security matters, customer lists, financial data, production data, marketing data, the structure of commercial relationships, claim handling policies, strategic planning documents, partnership and other business agreements, and proprietary business information may be designated "CONFIDENTIAL."

    4.    Counsel for any party or non-party to this litigation shall designate documents or information as Confidential Information prior to actual production of the documents or information (but may do so after inspection of the same) by placing the notation "CONFIDENTIAL" on every page of each document so designated or, in the case of Confidential Information disclosed in a non-paper medium (e.g. video tape, audio tape, computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its container. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable.

    5.    Counsel for any party to this litigation can designate as "CONFIDENTIAL" any documents or information already produced in this litigation before entry of this Order within twenty (20) days after the Court enters this Order by notifying the other parties of that designation and clearly identifying the information or documents that are to be designated as "CONFIDENTIAL." Similarly, any documents or information already produced in this litigation before entry of this Order and designated as "CONFIDENTIAL" prior to the entry of this Order shall be treated as Confidential Information pursuant to the terms of this Order upon the entry of this Order.

6. If Confidential Information is inadvertently disclosed before it has been designated as "CONFIDENTIAL," the party supplying such Confidential Information may, within a reasonable time after the inadvertent disclosure, designate the Confidential Information as "CONFIDENTIAL" and subject to the provisions of this Order from the point the information is designated as Confidential Information.

7. If any party believes a document not described specifically herein should nevertheless be considered "CONFIDENTIAL," it may make application to the Court.

8. Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation, and such letter must be received by counsel for the party making the designation no later than twenty (20) days after the objecting party received the Confidential Information to which it objects. If the parties are unable to resolve the objection, any party may move the Court to do so. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Protective Order. The party making the designation in question shall bear the burden of justifying that designation in any motion before the Court to modify or strike the designation. If the Court grants the requesting party's motion in whole or in part, such ruling shall not take effect until ten (10) business days after it is made. The requesting party shall not make any disclosure while a motion to allow or to bar such disclosure is pending or while any appeal or request for review or reconsideration pertaining to such a motion is pending.

9. If, during the course of any deposition, and not later than twenty (20) days after the receipt of a written transcript of such deposition, the witness, counsel for the witness, or counsel for any of the parties in this action notifies counsel for the parties in writing that the deposition transcript or any portion thereof or any exhibits to the deposition is subject to designation as Confidential Information, such transcript or portion thereof shall be treated as provided by this Order for documents designated as Confidential Information. If a portion of a deposition is identified as Confidential Information, the party shall identify the Confidential Information contained in the testimony by page and line number within thirty (30) days after receiving a copy of the transcript. Documents that are used as exhibits already designated as Confidential Information shall remain confidential. Any deposition that has any portion of the transcript or exhibits designated as Confidential Information shall indicate that it contains Confidential Information. A party which objects to the designation shall have the rights and objections as set forth in paragraph 8. Any deposition transcript shall be deemed to be confidential until at least 30 days after the deponent or his or her counsel has received a final written deposition transcript. Within such 30 day period, counsel for any party may notify other counsel in writing of a permanent designation (subject to the terms herein) of all or part of the transcript as confidential.

10. When depositions or portions of depositions are designated as Confidential Information counsel shall use such Confidential Information only as provided for in this Order. All persons present at the taking of such depositions when such Confidential Information is involved are enjoined from disclosing to any other person the testimony of the deponent regarding such material, except as permitted herein.

11. Documents designated "CONFIDENTIAL" shall be shown only to the attorneys, the

parties, parties' experts or other persons whom the attorneys or the Court deem necessary to review the documents for the prosecution or defense of this lawsuit. Any person receiving documents designated as "CONFIDENTIAL" shall be provided with a copy of the Protective Order and shall agree, in writing, to be bound by the terms of the Protective Order.

12. If testimony concerning Confidential Information is elicited at a hearing or at trial, counsel for any party may request that a designated portion of the transcript be treated as Confidential Information. Such a request shall be made by notifying all parties in writing within ten (10) days after the date of the receipt of the transcript. If such a request is made, such portion shall be so treated and filed under seal, if it is filed in the record. Unless otherwise designated, all such transcripts shall be treated for a period of ten (10) days after the date of the receipt thereof as Confidential Information.

13. Upon completion of this matter, by dismissal, judgment or any other fashion, all "CONFIDENTIAL" materials shall be returned to the producing party or destroyed by the receiving party within 10 days of completion. If disposed by destruction, the receiving party must present the producing party with a certification setting forth the manner and date on which said destruction occurred.

14. Counsel who discloses Confidential Information to a retained expert shall be responsible for communicating to such expert the requirement of compliance with the terms of this Protective Order by any retained experts to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by the retained experts agreeing to maintain the confidentiality of Confidential Information, and shall maintain a list of all experts to whom any Confidential Information is disclosed.

15. In the event it is necessary for the Parties to file Confidential Information with

the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2.

16. Nothing in this Order shall be construed in any way as a finding by the Court that material designated as Confidential Information is confidential or meets the standards of FED. R. Civ. P. 26(c)(7). Further, nothing in this Order shall be deemed a waiver of any party's right to object on grounds that information which has been produced or will be produced in this action is neither authentic, admissible nor discoverable.

17. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

18. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

19. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED at Denver, Colorado, this 11th day of March, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge